IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:18 CR 24 |
| Plaintiff, | Judge Rice |
| vs. | |
| GABRIEL NEWMAN, | MOTION TO SUPPRESS STATEMENTS AND FRUITS OF |
| Defendant. | SEARCH WARRANTS |

Now comes the Defendant in the above-captioned case, by and through undersigned counsel, Brock A. Schoenlein, and hereby moves this Honorable Court for an order suppressing any and all evidence/contraband and/or incriminating statements obtained during, or by virtue of, the execution of the 2 search warrants issued for the 834 Goodlow and 63 S. Plaza Avenue addresses on or about February 7, 2018.  Defendant also independently challenges the constitutionality of the statements taken from him by investigators on 1/12/18.[1] Threats and inducements appear to have been used to procure same.

As Counsel will illustrate, the affidavits in support of the search warrants, for the 834 Goodlow and 63 S. Plaza Avenue properties, are so lacking in evidence tending to establish probable cause that it must be said that the issuing magistrate lacked a substantial basis for finding probable cause to believe drugs or related contraband would be found inside each address.   Further the good faith exception to the substantial basis requirement will be inapplicable to the execution of these warrants.

---

1 Which is the date the investigative report gives for this incident, however Counsel suspects that this date is inaccurate, as this date is before the February 7, 2018 execution of the search warrants, which apparently precipitated this event.

Defendant thus moves for the suppression of evidence including, but not limited to, the following:

1. Any incriminating evidence and/or statements obtained when Defendant was initially detained and questioned in the absence of any probable cause as to any violation of law that may have served as the basis for said detention.

2. Any incriminating evidence and/or statements obtained in the absence of a reasonable articulable suspicion, of any criminal activity whatsoever on the part of Defendant, that served as the underlying basis for the detention.

3. Any incriminating evidence and/or statements obtained from Defendant during his interrogation effectuated in the absence of truly voluntary and intelligent consent thereto.

4. Any and all statements taken from the Defendant in violation of Miranda.

5. Any and all custodial statements taken from the Defendant where proper Miranda Warnings were given but where the statements taken were not made voluntarily due to threats and promises made by the investigators present.

6. Any incriminating evidence and/or contraband obtained from the execution of the search warrants on February 6, 2018 issued for the 834 Goodlow and 63 S. Plaza Avenue addresses, that investigators are attributing to Defendant Gabriel Newman, when the issuing judge lacked a substantial basis for finding probable cause to believe drugs or related contraband would be found inside those properties.

7. Any incriminating evidence and/or contraband obtained from execution of the search warrants for the 834 Goodlow and 63 S. Plaza Avenue properties, that Police herein are attributing to Defendant Gabriel Newman, where items were taken that were not contemplated by or permitted by said search warrant.

2

8. Any incriminating evidence and/or contraband obtained from execution of the search warrants for the 834 Goodlow and 63 S. Plaza Avenue properties, where the affiant seeking said warrant made misrepresentations to the issuing judge, and/or where materially exculpatory information was intentionally excluded from the affidavit in application for said warrant.

9. Any incriminating evidence and/or contraband obtained from execution of the search warrants for the 834 Goodlow and 63 S. Plaza Avenue properties, where the issuing judge lacked a substantial basis for issuing the warrant and where the good faith exception to the substantial basis requirement is inapplicable.

The Defendant submits that the burden is upon the United States to justify any warrantless seizure and interrogation of the Defendant, and/or to show cause why any such statement taken from Defendant should not be suppressed for constitutional defects.

Defendant also seeks judicial review of the adequacy of the affidavits for the search warrants, a suppression hearing regarding any statements taken from Defendant, and a Franks hearing to investigate the existence of collateral evidence with relation to the warrant and whether the good faith exception to the substantial basis requirement applies.

MEMORANDUM IN SUPPORT

It is, and always has been, the general rule that a home cannot be searched without a valid search warrant, legally served. *Hobson v. U.S.*, 226 F. 2d, 890; *Johnson v. U.S.*, 333 US

10. In order for a search warrant to be valid, it must be supported by probable cause, a determination which must be made by a neutral and detached magistrate. The affidavit upon which the determination of probable cause is made must consist of more than mere affirmation of suspicion and belief without adequate supporting facts. *Nathanson v. United*

3

*States*, 290 U.S. 41, 46.

When assessing the adequacy of an affidavit offered to support a request for a search warrant, a magistrate must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George* (1989), 45 Ohio St. 3d 325, 544 N.E.2d 640, paragraph one of the syllabus, quoting *Illinois v. Gates* (1983), 462 U.S. 213, 238-239, 76 L. Ed. 2d 527, 103 S. Ct. 2317. This approach is often called the "totality of the circumstances" test. *Id*.

Where it has been determined that the magistrate did not have a substantial basis for finding probable cause for the issuance of a search warrant, the applicability of the good faith exception turns on whether the police officer's reliance on the magistrate's probable cause determination and on the technical sufficiency of the warrant was objectively reasonable. 468 U.S. at 922; see, also, *State v. George* (1989), 45 Ohio St. 3d 325, 544 N.E.2d 640, paragraph three of the syllabus. The state bears the burden of demonstrating that the officer acted in good faith in executing an invalid search warrant. *Navarre*, supra; *United States v. Michaelian* (C.A.9, 1986), 803 F.2d 1042, 1048.

The Defendant further contends that any custodial statements taken from him, either at the scene of the arrest or subsequent thereto, were obtained in violation of his Constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendment of the United States Constitution. See *Miranda v. Arizona*, 384 U.S. 436, (1966); *Berkemer v. McMarty*, 468 U.S. 420, (1984*); State v. Buchholz,* 11 Oh. St. 3d 24, (1984).

"When an individual is taken into custody or otherwise deprived of his freedom by the

4

authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized." *Miranda v. Arizona*, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L. Ed. 2d 694 (1966). "[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id*. at 444. Police are not required to administer Miranda warnings to everyone whom they question. *State v. Biros*, 78 Ohio St.3d 426, 440, 1997 Ohio 204, 678 N.E.2d 891 (1997), citing *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L. Ed. 2d 714 (1977). Rather, police are required to administer Miranda warnings where an individual is subject to "custodial interrogation." *Id*., citing *Mathiason* at 494.

"In order to determine whether a person is in custody for purposes of receiving Miranda warnings, courts must first inquire into the circumstances surrounding the questioning and, second, given those circumstances, determine whether a reasonable person would have felt that he or she was not at liberty to terminate the interview and leave." *State v. Hoffner*, 102 Ohio St.3d 358, 362, 2004 Ohio 3430, ¶ 27, 811 N.E.2d 48, citing *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L. Ed. 2d 383 (1995). The first inquiry is distinctly factual. *Keohane* at 112. "Once the factual circumstances surrounding the interrogation are reconstructed, the court must apply an objective test to resolve 'the ultimate inquiry' of whether there was a "formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest.'" *Hoffner* at ¶ 27, citing *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L. Ed. 2d 1275 (1983), quoting *Mathiason* at 495. The subjective views harbored by either the interrogating officers or the person being questioned are of no consequence in the Miranda analysis. *Stansbury v. California*, 511 U.S. 318, 323,

114 S.Ct. 1526, 128 L. Ed. 2d 293 (1994). In resolving "the ultimate inquiry" courts must consider the totality of the circumstances surrounding the questioning. *State v. Gumm*, 73 Ohio St.3d 413, 429, 1995 Ohio 24, 653 N.E.2d 253 (1995); *Beheler* at 1125.

However the inquiry does not end with Miranda. A confession which is the product of "coercive police activity" is involuntary and thus violative of both the United States and Ohio Constitutions. See *Colorado v. Connelly* (1986), 479 U.S. 157, 167, 93 L. Ed. 2d 473, 107 S. Ct. 515; also see *State v. Loza* (1994), 71 Ohio St. 3d 61, 66, 641 N.E.2d 1082. Courts determine whether a confession was involuntary by examining the "totality of the circumstances" involved. See *State v. Broom* (1988), 40 Ohio St. 3d 277, 286, 533 N.E.2d 682; *State v. DePew* (1988), 38 Ohio St. 3d 275, 277, 528 N.E.2d 542; *State v. Maurer* (1984), 15 Ohio St. 3d 239, 257, 473 N.E.2d 768. Factors to be considered when reviewing the totality of the circumstances include the age, mentality and prior criminal experience of the accused; the length, intensity and frequency of interrogation; the existence of physical deprivation or mistreatment, and the existence of threat or inducement. See *State v. Slagle* (1992), 65 Ohio St. 3d 597, 600, 605 N.E.2d 916; *State v. Brewer* (1989), 48 Ohio St. 3d 50, 57, 549 N.E.2d 491; *State v. Edwards* (1976), 49 Ohio St. 2d 31, 358 N.E.2d 1051 at paragraph two of the syllabus.

      Respectfully submitted,

      s/Brock A. Schoenlein
      Brock A. Schoenlein (0084707)
      Attorney for Defendant
      371 West First Street
      Dayton, OH 45402
      (937) 224-0039 (Office)
      (937) 222-1050 (Fax)
      Basattorney@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the applicable United States Attorney by standard efiling on the same date of filing.

s/Brock A. Schoenlein
Brock A. Schoenlein (#0084707)
